UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOEL IRIZARRY,

                              Plaintiff,

                                                                                   DECISION AND ORDER

                                                                                           10-CV-6398L

                         v.

WARDEN DUKE TERRELL,

                              Defendant.
_____

      Petitioner, Joel Irizarry, commenced this action by filing a petition under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of New York on June 29, 2010. Petitioner, who was convicted in this Court in 2009 of drug and firearms offenses, seeks a "sentencing reduction for harsh incarceration ... ." Dkt. #1 at 1.

      On July 12, 2010, District Judge Kiyo A. Matsumoto of the Eastern District transferred the action to the Western District of New York, on the ground that petitioner seeks a reduction of his sentence imposed following his conviction in this district. (Dkt. #2.)

      Respondent has now moved, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404 to dismiss the complaint, or in the alternative to transfer the action back to the Eastern District of New York. The motion to dismiss is granted.

      "An inmate's claim that the conditions of his confinement are unlawful, even if proven, would entitle him to a correction of the unconstitutional conditions–not a release from custody" or a reduction of his sentence. *Robinson v. Haynes*, No. CV210-036, 2010 WL 3419219, at *2 (S.D.Ga. July 19, 2010) (citing *Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990)), *Report and Recommendation Adopted*, 2010 WL 3419217 (S.D.Ga. Aug. 30, 2010). In addition,

while a federal prisoner may challenge the conditions of his confinement via a § 2241 petition, *see Garner v. Terrell*, No. 10-CV-2767, 2010 WL 4340651, at *1 (E.D.N.Y. Oct. 27, 2010), such a claim should be brought in the district in which the petitioner is confined. *See*, *e.g.*, *Allen v. Lindsay*, No. 09-CV-1283, 2010 WL 5067907, at *1-*2 (E.D.N.Y. Dec. 7, 2010); *Jabarah v. Garcia*, No. 08 Civ. 3592, 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010).

In the case at bar, Irizarry challenges the conditions of his confinement in the Eastern District of New York, but the relief that he seeks–a reduction of his sentence–is not a proper remedy. *See Kornegay v. Federal Bureau of Prisons*, No. 07-CV-3990, 2007 WL 2907326, at *2 (E.D.N.Y. Oct. 4, 2007). Accordingly, the Court dismisses his petition, without prejudice to his refiling of a petition in the Eastern District of New York seeking injunctive relief to ameliorate those conditions. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008), *cert. denied*, ___ U.S. ___, 129 S.Ct. 943 (2009).

## CONCLUSION

Respondent's motion to dismiss or in the alternative to transfer this case (Dkt. #15) is granted, and the petition is dismissed, without prejudice to petitioner's refiling of a petition in the district in which he is confined, seeking appropriate injunctive relief.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 24, 2011.